UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-00017-22-DCLC-CRW |
| | ) |
| TIMOTHY BARRY HALL | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Timothy Barry Hall's Motion for Sentence Reduction under Guideline Amendment 821, Part A [Doc. 2004], which the Federal Defender Services of Eastern Tennessee's ("FDSET") has filed on his behalf, the United States's Response in Opposition [Doc. 2011], and FDSET's Reply [Doc. 2015]. For the reasons herein, the Court will deny Mr. Hall's motion.

**I. BACKGROUND**

In 2018, a federal grand jury indicted Mr. Hall on charges of conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846 (Count One); possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Twenty-Two); and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Thirty). [Indictment, Doc. 3, at 1–2, 15, 17–18]. He later entered into a plea agreement with the United States and pleaded guilty to Count One. [Plea Agreement, Doc. 539, at 1].

At sentencing, he had a criminal history category of V and a total offense level of 27, which together yielded an advisory guidelines range of 120 to 150 months' imprisonment, [PSR, Doc. 701, ¶ 89; Statement of Reasons, Doc. 818, at 1], but he was subject to a 120-

month mandatory minimum sentence under § 841(b)(1)(A). *See* [Statement of Reasons at 1]. The Court sentenced him to 120 months. [J., Doc. 817, at 2].

On Mr. Hall's behalf, FDSET now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Hall's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that she is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S.

---

[1] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

2

Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) "ha[s] the effect of lowering [that] defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual

---

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

§ 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the Sentencing Guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

4

> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

In moving for a sentence reduction under Part A, FDSET does not expressly argue that Mr. Hall is eligible for a sentence reduction. Instead, it "asks this Court to explicitly include his amended criminal history point total and resulting amended criminal history category in its order . . . so that the BOP can incorporate those changes into its security level and PATTERN score calculations." [Def.'s Mot. at 4]. In response, the United States asserts that Mr. Hall is ineligible for a sentence reduction "because his existing sentence is the lowest authorized by law." [United States's Resp. at 2].

At sentencing, Mr. Hall received eight criminal history points and two status points for a total criminal history score of 10. [PSR ¶¶ 61–63]. Under Part A, he is now entitled to the elimination of his status points, *see* U.S. Sent'g Guidelines Manual § 4A1.1(e), without which his total criminal history score is 8 instead of 10. A criminal history score of 8 results in a criminal history category of IV rather than V, and alongside Mr. Hall's total offense level of 27, his amended guidelines range—that is, the guidelines range that would have applied to him if Amendment 821 had been in effect during his sentencing—is 100 to 125 months.

But again, Mr. Hall's conviction carries a 120-month statutory mandatory minimum sentence, and the Court sentenced him to 120 months. "[A] reduction in the defendant's term of

5

Case 2:18-cr-00017-DCLC-CRW   Document 2065   Filed 11/19/25   Page 5 of 7
PageID #: 15393

imprisonment is not authorized" if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." USSG § 1B1.10 cmt. n.1(A). "Whether a sentence is 'based on' the mandatory minimum or the advisory guidelines turns on 'what the district court actually said and did at the original sentencing,'" as well as the parties' conduct and the attorneys' arguments. *United States v. McClain*, 691 F.3d 774, 778 (6th Cir. 2012) (footnote and quotation omitted).

At sentencing, Mr. Hall acknowledged that he was subject to a statutory mandatory minimum sentence of 120 months and argued it was the appropriate sentence. [Def.'s Sent'g Mem., Doc. 791, at 1, 10]. The Court imposed that mandatory minimum sentence, [Statement of Reasons at 1]; *see* [Def.'s Mot. at 1 ("The Court imposed the statutory mandatory minimum incarceration term of 120 months.")], and in doing so, it based his sentence on a statutory mandatory minimum rather than a "sentencing range that has subsequently been lowered by the Sentencing Commission" 18 U.S.C. § 3582(c)(2).

Mr. Hall is therefore not eligible for a reduction under § 3582(c)(2) and Amendment 821. USSG § 1B1.10 cmt. n.1(A); *see United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("Because the Sentencing Commission's amendments to the . . . guidelines have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (quoting 18 U.S.C. § 3582(c)(2))); *United States v. Corthion*, No. 1:15-cr-10022-JDB-1, 2024 WL 4683671, at *2 (W.D. Tenn. Nov. 5, 2024) ("[B]ecause [the defendant] was sentenced pursuant to a statutory mandatory minimum and not a sentencing range that was

subsequently lowered by the Sentencing Commission, this Court has no authority to reduce his sentence under § 3582(c)(2) and Amendment 821." (citations omitted)).

## IV. Conclusion

Mr. Hall received the lowest sentence authorized by statute, and the Court is without authority under § 3582(c)(2) to impose a sentence below the statutory mandatory minimum sentence that he received. FDSET therefore fails demonstrate that he is entitled to a sentence reduction under § 3582(c)(2) and Amendment 821, and his motion [Doc. 2004] is therefore **DENIED**.

    **SO ORDERED:**

    s/ Clifton L. Corker
    United States District Judge